RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/15/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHEN S. MOLSON | DOCKET NO. 10-CV-1638 SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN MARINA MEDINA | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Stephen S. Molson, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner was ordered to supplement his petition with the entirety of the discipline hearing officer report, as only the last page of said report had been filed with the petition. Petitioner complied, and the report was filed into the record on January 31, 2011.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

On *September 28, 2009*, Petitioner was charged with Possessing a Hazardous Tool (a cell phone) and Refusing to Obey an Order, in violation of the prison disciplinary code. Petitioner waived the twenty-four hour period before a disciplinary hearing could occur, and he waived his right to staff representation. [Doc. #3, p.8] The hearing officer relied on the account of a staff member in

finding Petitioner guilty as charged.[1] As a result of the conviction, Petitioner lost fifty-four (54) days of vested good time and twenty-seven (27) days of non-vested good time. He also lost the following privileges for one year: commissary, telephone, visits, and email. Finally, a disciplinary transfer to medium custody level was recommended.

According to the report, Petitioner had twenty calendar days from the date of conviction (or until *October 19, 2009*) to appeal. Petitioner states that he was not provided with a copy of the report until *October 18, 2009*. [Doc. #1-3, p.2] Petitioner asked Officer Gremillion for additional copies of the report, which he needed to submit with his BP10. Gremillion provided Petitioner with the copies, but Petitioner did not realize that those copies were not signed or dated. So, on October 27, 2009, Petitioner filed his BP-10 [Doc. #3, p.13] with an *unsigned/undated* copy of the disciplinary report.

The appeal was denied as untimely, as more than twenty days had passed from the date of conviction. However, counting the

---

[1] The staff member stated that he entered the laundry room of Dorm 2 at around 1:28 a.m. and "instructed Petitioner to submit to a search. Petitioner placed his hand in his left pocket, attempting to conceal an unknown object. Staff ordered Inmate Molson to remove his hand and place the item on the table, but he refused. Inmate Molson ran towards staff in an attempt to run away, bumping into staff. Inmate Molson continued his aggressive behavior as staff were applying hand restraints. Staff conducted a pat search and discovered a Nokia cellular telephone with two (2) SIMS cards." [Doc. #3, p.9]

twenty day deadline from the date that Petitioner was received the written report, Petitioner had until November 7, 2009. Thus, Petitioner claims that his appeal should have been accepted as timely.

In one instance, Petitioner alleges that he resubmitted his appeal with the *dated* copy of the disciplinary report on October 20, 2009. [Doc. #3, p.4] On another document, Petitioner states that he resubmitted the appeal with a dated copy of the disciplinary report on November 20, 2009. [Doc. #3, p.20] Still, according to a rejection at the regional level, the dated copy was not resubmitted until June 17, 2010.[2] [Doc. #3, p.16]

Petitioner claims that he has new evidence that would prove he is innocent of the disciplinary violations. Specifically, he claims that certain officers would provide testimony contrary to that of the reporting officer, on who's testimony the DHO relied. [Doc. #3, p.5]

### Analysis

When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive (1) written notice of the claimed violation at least

---

[2] The rejection states "Reject Reason 1: Your appeal is untimely. Regional Appeals (BP-10) must be received within 20 days of the warden/CCM response or receipt of the DHO report. This time includes mail time." Also, "Reject Reason 2: Records show original rejection 11-18-09, 565121-R1, you did not resubmit appeal showing documentation of DHO report receipt date of 10-18-09, until 6-17-10."

3

twenty-four (24) hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finder as to evidence relied on and reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). In this case, Petitioner waived the first two requirements, and he admittedly received a written statement by the fact-finder providing reasons for his ruling.

It should be noted that Petitioner did not need to wait on a copy of the report in order to timely and properly appeal. According to the Code of Federal Regulations, in appealing a disciplinary conviction, "[t]he inmate should forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." 28 C.F.R. 541.19. Petitioner could have filed the appeal and then supplemented with a copy of the report once received.

Regardless, the disciplinary hearing officer's (DHO) decision is sufficiently supported by the record. The ruling must be supported by some evidence in the record. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). The standard is met if there was a modicum of evidence from which the conclusion of the tribunal could be deduced. See Hill, 472 U.S. at 455. Determining whether

this standard is met **does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence;** the relevant question is whether there is any evidence in the record that could support the DHO's conclusion. See id.

Petitioner complains that the South Central Regional appeals office and/or National appeals office failed to consider his assertion that he "discovered a conflict between staff statements regarding the evidence." [Doc. #3, p.20] Petitioner did not provide, either to the administrative remedy appeals offices or to this court, any statements from any officers contradicting the evidence upon which the DHO relied. Second, even if Petitioner had provided this Court with contradictory statements, the original testimony of the reporting staff member constitutes "some evidence" that would support the DHO's decision. Likewise if the DHO had been presented with conflicting statements at the time of the hearing, or even if a new hearing had been ordered, the testimony of the reporting officer would still be "some evidence" of guilt.

### Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

5

have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 15th day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE